UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M SIMPSON,<br>　　　　Petitioner,<br>　　v.<br>STATE OF CALIFORNIA,<br>　　　　Respondent. | Case No. 19-cv-02490-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 1 |

Donald M. Simpson has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his duty to register as a sex offender as a result of a conviction that he suffered in 1958. He states that he is required to register again as a sex offender in two months. Docket No. 1 at 9. He urges that he should not have to register as a sex offender because he is ill and because the sex-offender-registration requirement did not exist at the time of his conviction and only became the law later as a result of Megan's law. Docket No. 1 at 2, 5. He is not at this time incarcerated. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal writ of habeas corpus is only available to persons "in custody" for the

conviction or sentence under attack at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). This requirement is jurisdictional. *See Carafas v. LaValle*, 391 U.S. 234, 238 (1968). The custody requirement does not require that a prisoner be physically confined, *Maleng*, 490 U.S. at 491, but it does require a "severe restraint" on the petitioner's liberty, *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). Thus, for example, a petitioner who is on parole at the time of filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).

California's sex offender registration requirement "does not constitute the type of severe, immediate restrain on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas relief." *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999). It is instead "merely a collateral consequence of conviction," that does not amount to custody for habeas jurisdiction purposes. *Id.* The *Henry* case is a California-specific application of the longstanding rule in the Ninth Circuit that "merely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement after the original [sex offense] conviction has expired." *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *see also McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999) (Oregon sex offender registration law does not place sufficient restraints on convicts to constitute custody); *Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (Washington law which requires convicted sex offenders to register with state authorities does not amount to custody where there is no significant restraint on registrant's physical liberty and there is "mere potential" for future incarceration); *Litmon v. Harris*, 768 F.3d 1237, 1241-42 (9th Cir. 2014) (having to register every 90 days with local law enforcement in California as a sexually violent predator does not render the person in custody).

Mr. Simpson alleges that his original sentence imposed in August 1958 was "no jail time, 3 days probation and no registration required." Docket No. 1 at 2. He does not allege that he is now incarcerated, on probation, or on parole. The only current consequence of his old conviction is that he must now register as a sex offender. As the cases mentioned in the preceding paragraph clearly establish, the duty to register as a sex offender is merely a collateral consequence of the

2

conviction and does not satisfy the "in custody" requirement for habeas jurisdiction. *See Henry*, 164 F.3d at 1242. Accordingly, the petition for writ of habeas corpus must be dismissed for lack of jurisdiction.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This action is **DISMISSED** for lack of jurisdiction because Mr. Simpson does not satisfy the custody requirement for a habeas challenge to the requirement that he register as a sex offender.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 17, 2019

_____
EDWARD M. CHEN
United States District Judge